IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NANETTE LAURENCE )
)
v. ) NO. 3:06-0636
)
GATEWAY HEALTH SYSTEM )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered June 28, 2006 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, for decision on all pretrial, nondispositive motions, and for a report and recommendation on any dispositive motions.

Presently pending before the Court is the Defendant's motion for summary judgment (Docket Entry No. 35), to which the Plaintiff has filed a response in opposition (Docket Entry Nos. 47-49). Also before the Court is the Defendant's reply (Docket Entry No. 50). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiff, acting pro se, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against Gateway Health System ("Gateway"),[1] her former employer. The Plaintiff, an African-American female, alleges that she suffered discrimination during her employment and was wrongfully terminated from her job as a clerk because of her race. She filed

---

[1] In its Answer, the Defendant stated that its correct legal name prior to March 2006, was Gateway Health System, Inc., and that, effective March 2006, its legal name changed to Clarksville Volunteer Health, Inc. The Court shall refer to the Defendant as "Gateway."

a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 27, 2004, and received a right to sue letter. See Complaint (Docket Entry No. 1) and attachments.

The Plaintiff's complaint generally asserts that she was terminated from employment and was not promoted because of her race but contains no factual allegations. See Complaint at 3. The charge of discrimination attached to the complaint states as follows:

> I was assigned as Unit Clerk and Secretary. I was subjected to racial discrimination regarding my terms and conditions of employment. Non-Blacks in similar positions were treated more favorably in that they were allowed to mismanage time while I was told to work several areas in one night and White employees remained in one area. Additionally, my employer subjected me to an unnecessary background check. I complained to management about my disparate treatment, however, no action was taken to stop the harassment by nurses and senior staff. My employer adversely affected my employment benefits when it failed to submit paperwork on more than one occasion. White employees in the same or similar positions were given preferential treatment regarding frequent breaks and excessive lunch hours. My performance was constantly scrutinized and singled out because of my race, Black, when White employees made mistakes without notice by management. These employees received subjective wage increases, however, I was told that I would not receive a raise in a telephone interview. My termination was pretextual because my direct deposit was canceled by my employer before I was discharged.

See Attachment to Complaint.

The Defendant filed an Answer (Docket Entry No. 6), denying the allegations of wrongdoing. By Order entered July 31, 2007 (Docket Entry No. 15), the Court denied the Defendant's motion to dismiss the complaint for insufficiency of process and as untimely. The action is currently set for a jury trial on June 10, 2008. See Docket Entry No. 25.

## II. MOTION FOR SUMMARY JUDGMENT

The Defendant first argues that several acts about which the Plaintiff complains occurred more than 300 days prior to the filing of her charge of discrimination on October 27, 2004, and that claims based on these events are untimely. As such, the Defendant contends that the Plaintiff's action is limited to her wrongful termination claim and claims based on events occurring after January 2, 2004.

2

The Defendant then argues that summary judgment should be granted on the merits of the Plaintiff's Title VII claims. With respect to the Plaintiff's claim of disparate treatment, the Defendant asserts that, because the Complaint contains no factual allegations and the charge of discrimination fails to refer to any dates of the alleged wrongdoings, it relies on the Plaintiff's deposition testimony and her discovery responses to clarify the exact nature of these claims. Based upon this information, the Defendant contends that the Plaintiff sets forth seven allegations of racial discrimination in addition to her wrongful termination claim:

(1) she was not given a promotion;

(2) on one night, she was required to work in several areas yet employees outside the protected class were allowed to remain in one area;

(3) she was subjected to an unnecessary background check;

(4) Defendant failed to submit paperwork on her behalf, which affected her employment benefits;

(5) her work performance was constantly scrutinized and she was singled out;

(6) she was not given a raise; and

(7) her direct deposit was cancelled prior to her discharge.

See Defendant's Memorandum (Docket Entry No. 37) at 12-14.

The Defendant contends that the second, third, and fifth claims fall within the category of untimely claims and are, furthermore, not supported by any evidence upon which a reasonable jury could find racial discrimination in violation of Title VII. The Defendant contends that the first, fourth, sixth, and seventh claims are likewise not supported by any evidence upon which a reasonable jury could find racial discrimination in violation of Title VII.

With respect to Plaintiff's wrongful termination claim, the Defendant contends that the Plaintiff cannot show that she was treated differently than similarly situated employees who were not in the protected class and thus fails to meet her prima facie case. Alternatively, the Defendant argues that, even if the Plaintiff shows a prima facie case, she cannot show that the Defendant's

3

asserted reason for the decision to terminate her employment, that she had engaged in extreme workplace misconduct, was a pretext for unlawful discrimination.

The Defendant supports its motion with the transcript of the Plaintiff's deposition and exhibits thereto (Docket Entry No. 44), and with the affidavits of Dianne McGregor (Docket Entry No. 38), Harriet Glidewell (Docket Entry No. 39), Victoria Dawson (Docket Entry No. 40), Fran Mackdanz (Docket Entry No. 41), Pat Williams (Docket Entry No. 42), and Tara Newman (Docket Entry No. 43).

### III. PLAINTIFF'S RESPONSE

The Plaintiff responds by submitting a three page letter of argument (Docket Entry No. 48), a response to the Defendant's Statement of Undisputed Material Facts (Docket Entry No. 49), the affidavit of Ivet Bennet (Exhibit A to Tab C to Docket Entry No. 49), the affidavit of Latasha Hardy (Exhibit D to Tab C to Docket Entry No. 49), and copies of numerous written documents (Exhibits in Tab C to Docket Entry No. 49). The Plaintiff does not directly address the legal arguments made by the Defendant but contends that the evidence she has submitted shows that she was wronged by the Defendant and that she has been unable to clear her name and find employment to date. She asks that the Court "please help me bring light to the hidden/underlying motives that landed me here in this predicament in the first place." See Docket Entry No. 48, at 3.

The Plaintiff's response to the Defendant's Statement of Undisputed Material Facts consists of a rebuttal to each of the Defendant's statements. However, the rebuttals are not clear statements that the facts are either admitted or disputed but are instead primarily arguments regarding each factual assertion made by the Defendant. See Docket Entry No. 49.

### IV. THE DEFENDANT'S REPLY

The Defendant contends that the Plaintiff, through her response letter and her response to the Statement of Undisputed Material Facts, attempts to offer facts into evidence which are not in

4

the form of a sworn affidavit or other admissible evidence and should be disregarded. The Defendant argues the bulk of the documents submitted by the Plaintiff should also not be considered because they fail to meet the requirements of Rule 56 of the Federal Rules of Civil Procedure and Rule 56.01 of the Local Rules of Court that the documents be verified by being sworn to or certified. Finally, the Defendant objects to the affidavits of Ms. Bennett and Ms. Hardy on the grounds that the Plaintiff failed to provide updated contact information for these two individuals either in response to written discovery or in response to questioning at her deposition[2] and failed to previously identify Ms. Hardy as a witness.

## V. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon County, 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

---

[2] On March 31, 2008, the Plaintiff filed a request to supplement her previous discovery responses and provided addresses for both Ms. Bennett and Ms. Hardy. See Docket Entry No. 51.

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## VI. ANALYSIS

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's . . . race ." See 42 U.S.C. § 2000e-2(a)(1). In order to prevail on her claims that she was discriminated against because of her race, the Plaintiff "must offer direct evidence of discrimination or introduce circumstantial evidence

that would allow an inference of discriminatory treatment." Johnson v. Kroger Co., 319 F.3d 858, 864-65 (6th Cir. 2003); Blalock v. Metals Trades, Inc., 775 F.2d 703, 707 (6th Cir. 1985).

The Sixth Circuit has explained that "direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Shering-Plough Healthcare Prods. Sales Corp., 176 F.2d 921, 926 (6th Cir. 1999). "Direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." Johnson, 319 F.3d at 865. In the instant action, the Plaintiff has not identified any direct evidence supporting her claims that she was discriminated against because of her race.

Accordingly, in the absence of direct evidence supporting her claim, the Plaintiff's claims are analyzed under the evidentiary framework for cases based upon circumstantial evidence set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1972), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). Once the Plaintiff has established a prima facie case of discrimination under this framework, the Plaintiff creates a rebuttable presumption of unlawful discrimination and the burden shifts to the Defendant to articulate a legitimate nondiscriminatory reason for the challenged action. Burdine, 450 U.S. at 254-56. Upon the Defendant's offer of a legitimate reason, the burden shifts back to the Plaintiff to demonstrate that the proferred reason is pretextual, masking intentional discrimination. Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000). The Plaintiff can demonstrate pretext by showing that the proffered reason: (1) has no basis in fact; (2) did not actually motivate the challenged conduct; or (3) was insufficient to warrant the challenged conduct. Id. The ultimate burden of persuasion always remains with the Plaintiff. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 517-18, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

7

Although not clearly alleged in her complaint, the Plaintiff, through her charge of discrimination, essentially sets out four different claims under Title VII: (1) disparate treatment; (2) failure to promote; (3) failure to give a raise; and (4) wrongful termination.

A. Sufficiency of the Plaintiff's Response

The Plaintiff's pro se status does not relieve her of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence that shows that genuine issues of material fact exist which require that the action proceed to trial. This is the basic requirement for all non-moving parties when summary judgment is sought by one of the parties. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

Documents submitted by a party in support of or in opposition to a motion for summary judgment must be authenticated by being sworn to or certified in order to be considered by the Court. See Rule 56(e) of the Federal Rules of Civil Procedure; Powers v. Hamilton County Pub. Defender Comm'n, 501 F.3d 592, 613 fn.3 (6th Cir. 2007); Moore v. Holbrook, 2 F.3d 697, 698-99 (6th Cir. 1993). Similarly, factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991).

The Defendant correctly points out that the Plaintiff cannot offer factual evidence through her unsworn responses to the Defendant's Statement of Undisputed Material Facts or through unsworn or uncertified documents. The Court has disregarded such evidence except to the extent that the Plaintiff's deposition testimony otherwise supports any of her unsworn factual allegations.

Finally, the Court is not obligated to sift through the entire record on behalf of the Plaintiff to determine whether or not a material factual dispute exists. Street v. J.C. Bradford & Company,

8

886 F.2d 1472, 1479-80 (6th Cir. 1989). The Defendant, through its motion for summary judgment, has specifically pointed out what it believes to be the legal deficiencies in the Plaintiff's case and it is the Plaintiff's burden to rebut these arguments by pointing to specific admissible evidence which supports her claims. Lujan, 497 U.S. at 888; Banks, 330 F.3d at 892.

B. Timeliness of the Plaintiff's Claims

As the Defendant correctly points out, Title VII requires the Plaintiff to have filed her charge of discrimination within 300 days of the alleged unlawful act. See Amini v. Oberlin Coll., 259 F.3d 493, 498 (6th Cir. 2001). A claim based upon events occurring more than 300 days prior to the filing of the charge of discrimination is untimely.

The Plaintiff's charge of discrimination was filed on October 27, 2004, and was timely filed for claims based upon events occurring on or after January 2, 2004, which is 300 days prior to the filing of the charge. The Plaintiff's allegations regarding the background check which occurred shortly after she began working at Gateway and regarding any other events occurring in 2003, occurred prior to January 2, 2004, and the charge was not timely filed as to these events. For this reason alone, any claim based upon these events warrants dismissal in favor of the Defendant.

C. Disparate Treatment

The Plaintiff contends that she was treated differently and more harshly than white employees at Gateway. The Court finds that summary judgment should be granted on this claim.

To establish a prima facie case of disparate treatment, the Plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for her position; and (4) that a similarly situated person outside the protected class was treated differently or more favorably than she was treated. See Wright v. Murray Guard, Inc., 455 F.3d 702, 707 (6th Cir. 2006); DiCarlo v. Potter, 358 F.3d 408, 415 (6th Cir. 2004); Talley v. Bravo

9

Pitino Rest., Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995); Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992).

The Plaintiff's evidence in support of this claim fails to satisfy her prima facie case because there is no evidence that she suffered an adverse employment action. An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). The challenged employment action must amount to a "materially adverse change in the terms or conditions of . . . employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 885-86 (6th Cir. 1996). This requirement is designed to prevent lawsuits which are based upon trivial workplace dissatisfactions. White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 795 (6th Cir. 2004), aff'd Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). In the absence of evidence of a materially adverse employment action by the employer, the mere fact that a plaintiff shows that she was treated differently in some respects than other employees outside the protected class is insufficient to support a claim of disparate treatment.

While there is no set definition of what constitutes an adverse employment action and each situation is controlled by its own facts, the Sixth Circuit Court of Appeals has consistently required that the challenged employment action be significant in order for it to be deemed materially adverse. For example, the Sixth Circuit has found that a plaintiff fails to show an adverse employment action based upon evidence of confrontations and harsh words from a supervisor, that the plaintiff was required to turn in her laptop computer, and that the plaintiff was briefly placed on paid administrative leave, Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 594 (6th Cir. 2007); evidence of increased scrutiny of the plaintiff's work, Birch v. Cuyahoga County Probate Court, 392 F.3d 151, 169 (6th Cir. 2004); evidence of a substantial reduction of lab space, revocation of mentor status, loss of a research assistant, forced review of grant applications, removal from directorship

10

position, and non-selection for a lateral position, Mitchell v. Vanderbilt Univ., 389 F.3d 177, 181-83 (6th Cir. 2004); evidence that the plaintiff was required to comply with a performance plan, Agnew v. BASF Corp., 286 F.3d 307, 310 (6th Cir. 2002); evidence of a temporary removal from a supervisory position which did not affect employment status or salary, Bowman v. Shawnee State Univ., 220 F.3d 456, 461-62 (6th Cir. 2000); evidence of a low performance evaluation which did not have an effect on the plaintiff's wages, Hollins v. Atlantic Co., 188 F.3d 652, 662 (6th Cir. 1999); evidence that plaintiff had to work at home and had reimbursement for expenses denied when requests had been previously approved, Jacklyn, 176 F.3d at 930; evidence of the plaintiff's receipt of "counseling memoranda" disciplining him for specific rules infractions and that he was monitored more closely than other employees, Allen v. Michigan Dep't of Corrections, 165 F.3d 405 (6th Cir. 1999); and evidence of a temporary job reassignment which did not result in a reduction of pay or benefits or change of working hours, Yates v. Avco Corp., 819 F.2d 630, 638 (6th Cir. 1987). See also Peake v. Brownlee, 339 F. Supp. 2d 1008, 1022 (M.D. Tenn. 2003) (plaintiff's allegations that she was assigned to a different building, left out of meetings, ignored by her supervisors, and not permitted to attend training sessions did not show adverse employment actions).

In the instant case, the Plaintiff alleges that white employees "were allowed to mismanage time while I was told to work several areas one night and White employees remained in one area," that white employees "were given preferential treatment regarding frequent breaks and excessive lunch hours," that white employees "made mistakes without notice by management," and that her performance was "constantly scrutinized and singled out." See Charge of Discrimination, Attachment to Complaint. Even if true, these allegations do not rise to the level necessary to show that she suffered a materially adverse employment action. See Allen, 165 F.3d 405, 409-10; Kocsis, 97 F.3d at 885-86; Yates, 819 F.2d 638. De minimis actions such as these are simply not actionable under Title VII. Bowman, 220 F.3d at 462. Similarly, the Plaintiff's allegations of being required to submit to a background check,[3] of experiencing paperwork and administrative problems with

---

[3] As explained supra at 10-11, this allegation also warrants dismissal as being untimely.

11

health care benefits, and of having her direct deposit stopped[4] fail to show a materially adverse employment action as these events fall into the category of frustrating, but not materially adverse, workplace inconveniences.

In her charge of discrimination, the Plaintiff also contends that her complaints about "harassment by nurses and senior staff" were ignored. See Charge of Discrimination, Attachment to Complaint. Although the Plaintiff does not specifically allege that she worked in a racially hostile workplace, to the extent that her complaint can be construed to allege such a claim, she has not set forth any facts which even come close to showing that she suffered "severe or pervasive" racial harassment, which is required to support such a claim. Allen, 165 F.3d 410.

D. Failure to Promote

To establish a prima facie claim of discrimination based on a failure to promote, the Plaintiff must show: (1) she is a member of a protected class; (2) she applied and was qualified for a promotion; (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions. Dews, 231 F.3d at 1020-21.

This claim warrants summary judgment in favor of the Defendant. The Plaintiff fails to satisfy her prima facie case because she does not set forth any evidence that she actually applied for a promotion while working at Gateway. Indeed, in her response to the Defendant's interrogatory requests, she replied "N/A" when asked to "identify all promotions with Defendant for which [she] applied while employed by the Defendant." See Plaintiff's Response to the Defendant's Interrogatory #7, Exhibit No. 2 to Plaintiff's Deposition (Docket Entry No. 44-2). Her response to the Defendant's Statement of Undisputed Material Facts likewise fails to identify any specific

---

[4] The Plaintiff does not allege that she was not paid, but merely that her wages were paid for several weeks by payroll checks instead of being directly deposited.

promotion for which she applied but was rejected. See Docket Entry No. 49, at Response Nos. 10 and 11.

E. Failure to Give the Plaintiff a Pay Raise

The Plaintiff received an annual evaluation in March 2004, and did not receive a raise at that time. She alleges that two aspects of this event evidence racial discrimination. First, her evaluation was conducted by telephone instead of in person. Second, she did not receive a raise. The Plaintiff alleges that white employees at Gateway received face-to-face evaluations and received raises.

The Defendant asserts that Fran Mackdanz, a Director of Inpatient Services and Interim Chief Nursing Officer at Gateway, was responsible for counseling employees on their annual evaluations and conducted the Plaintiff's annual evaluation in March of 2004. See Affidavit of Fran Mackdanz (Docket Entry No. 41). Ms. Mackdanz attests that the Plaintiff's interview was conducted by telephone because the deadline for submission of performance evaluations was imminent and, despite her attempts, she was unsuccessful in scheduling a personal interview with the Plaintiff. Id. at ¶ 3. Ms. Mackdanz further attests that the Plaintiff was not given a merit based pay raise because her work performance was not good enough to justify giving her a pay raise at that time and that her poor evaluation was the sole determining factor in the decision not to give her a merit based pay increase. Id. at ¶ 4. See also Plaintiff's Evaluation Summary (Docket Entry No. 38-2), at 8-12, Attachment to Affidavit of Dianne McGregor.

Summary judgment should be granted to the Defendant on this claim. The assertion that the Plaintiff received a telephone interview instead of a face-to-face interview does not support an independent Title VII claim because the use of a telephone interview simply does not rise to the level of a materially adverse employment action.

With respect to the denial of a pay raise, the Court assumes that such an action can constitute a materially adverse employment action since it directly affects the terms of the Plaintiff's employment. However, the Plaintiff fails to set forth admissible evidence supporting the rest of her

13

prima facie case by showing that she was qualified for a merit based pay raise and that employees outside the protected class who were similarly situated to her were given a merit based pay raise. Although the burden of satisfying a prima facie case is not onerous, merely stating without supporting proof that she should have received a raise and that other employees received pay raises is not sufficient to rebut a summary judgment motion.

Further, even if the Plaintiff had shown the existence of a prima facie case based on this allegation, she has not set forth evidence upon which a reasonable jury could find that the Defendant's stated reason for denying her a merit based pay raise was a pretext for racial discrimination.[5] Conclusory and unsupported assertions are simply insufficient to raise a genuine issue on the ultimate question of whether the Defendant acted with an unlawful racial animus.

F. Wrongful Termination

The Plaintiff's prima facie case for this claim requires her to show: (1) she is a member of a protected class; (2) she was terminated from employment; (3) she was qualified for her position from which she was terminated; and (4) that she was replaced by a person outside the protected class or that a similarly situated person outside the protected class was treated differently or more favorably than she was treated. See Talley, 61 F.3d at 1246; Mitchell, 964 F.2d at 582-83.

The Defendant contends that the Plaintiff fails to satisfy the fourth element of her prima facie case. Alternatively, the Defendant argues that, even if a prima facie case is presented, it has set forth a legitimate and non-discriminatory reason for her termination - that she engaged in extreme workplace misconduct by sleeping or giving the appearance of sleeping during work hours and by informing a patient that she was a doctor when the patient asked to speak with a doctor. See

---

[5] The Plaintiff alleges that the fact that her direct deposit was stopped before she was terminated is evidence of pretext. It is not clear to the Court how the method of the Plaintiff's payment evidences pretext when it is undisputed that the Plaintiff was being paid her regular wage. In addition, Tara Newman, Payroll Supervisor for Gateway, attests that direct deposit was reinstated for the Plaintiff for the pay period before the Plaintiff was terminated. See Docket Entry No. 43. The Plaintiff does not dispute this fact. See Docket Entry No. 49 at ¶ 33.

14

Affidavit of Pat Williams (Docket Entry No. 42). The Defendant contends that the Plaintiff has not set forth proof showing that this reason was actually a pretext for racial discrimination.

The Court agrees with the Defendant and finds that summary judgment should be granted on this claim.

The Plaintiff has offered no proof that the position from which she was terminated was filled by a person outside the protected class.

Further, the Plaintiff has not offered evidence showing that an employee who was outside the protected class was similarly situated to her yet was treated more favorably by not being terminated. In order to satisfy this requirement, the Plaintiff is required to show that one or more other similarly situated non-minority employees were treated differently than she was treated with respect to her termination. To establish this "similarity," the Plaintiff is "required to prove that all of the relevant aspects of his employment situation were 'nearly identical' to those of [the non-minority's] employment situation." Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998) (citing Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994)).

Determining whether the Plaintiff and another employee are similarly situated requires evaluation of the specific factual context raised by the Plaintiff's claim. In the case of disciplinary action such as termination, this may include consideration of whether the Plaintiff and the other employee were subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. See Smith v. Leggett Wire Co., 220 F.3d 752, 762-63 (6th Cir. 2000); Mitchell v. Toledo Hosp., 964 F.2d at 583.

The Plaintiff has not identified any actual employee outside the protected class with whom she was similarly situated and who was permitted to retain his or her job despite engaging in conduct similar to what was given as the reason for the Plaintiff's termination. In cases asserting discriminatory disciplinary action, it is necessary to show that the asserted similarly situated non-minority employees "engaged in misconduct of 'comparable seriousness.'" Harrison v.

Metropolitan Gov't of Nashville, 80 F.3d 1107, 1115 (6th Cir. 1996) (citations omitted). Despite being clearly notified of the requirements of her prima facie case by the Defendant's motion for summary judgment and supporting memorandum, the Plaintiff has not set forth any comparable employee. As the Sixth Circuit has held, "rumors, conclusory allegations and subjective beliefs" are insufficient to establish a claim of discrimination as a matter of law. Mitchell v. Toledo Hosp., 964 F.2d at 585.

The Plaintiff's failure to satisfy her prima facie case on her wrongful termination claim warrants dismissal of this claim in favor of the Defendant.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Defendant's motion for summary judgment (Docket Entry No. 35) be GRANTED and that this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge